IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| VICTORY PROCESSING, LLC, and DAVE DISHAW, <br><br> Plaintiffs, <br><br> vs. <br><br> TIM FOX, in his official capacity as Attorney General for the State of Montana, <br><br> Defendant. | CV 17–27–H–CCL <br><br> ORDER |

Both parties have filed "Statements Regarding Further Proceedings" in response to the Court's October 16, 2019, order setting a status conference for November 13, 2019. Plaintiffs' *pro hac vice* counsel recently filed an unopposed motion for leave to appear for the status conference by telephone. (Doc. 58).

**BACKGROUND**

The Ninth Circuit has determined, as a matter of law, that section 45-8-216(1)(e) of the Montana Code violates the First Amendment, and has reversed and remanded this Court's grant of summary judgment to Defendant for further proceedings consistent with its opinion. *Victory Processing v. Fox*, 937 F.3d 1218 (9th Cir. 2019).

DISCUSSION

Plaintiffs seek entry of judgment in their favor declaring Mont. Code Ann. § 45-8-216(1)(e) unconstitutional and enjoining further enforcement of the law. (Doc. 52 at 2). Plaintiffs also seek attorney fees under 42 U.S.C. § 1988. (Doc. 52 at 4). Plaintiffs have also filed a document titled "Plaintiffs' Application for Attorneys' Fees and Expenses" (Doc. 53), a supporting memorandum (Doc. 55), and supporting evidentiary material. (Doc. 56).

Defendant does not contest the entry of judgment enjoining Mont. Code Ann § 45-8-216 or the ability of [Plaintiffs] to seek attorneys' fees and costs, [Defendant] objects to the amount of attorneys' fees and costs claimed." Defendant suggests that the Court enter a scheduling order establishing deadlines for briefing on Plaintiffs' request for attorney fees and costs. (Doc. 56 at 3).

In their rush to recover fees, the attorneys for Plaintiffs have twice filed motions for fees without first moving for entry of judgment consistent with the Ninth Circuit's mandate. The Court had hoped to get this case back on track by setting a status conference and requiring the parties to file status reports. The parties having agreed that judgment can be entered, the Court has determined that the status conference can be vacated. Accordingly,

///

**IT IS HEREBY ORDERED** that the status conference set for Wednesday, November 13, 2019, is VACATED and Plaintiffs' motion to appear telephonically at the conference (Doc. 58) is DENIED as moot.

The Clerk is directed to enter judgment in favor of Plaintiffs and against Defendant declaring Mont. Code Ann. § 45-8-216(1)(e) unconstitutional and enjoining further enforcement of Mont. Code Ann. § 45-8-216(1)(e).

Plaintiffs, as the prevailing party, are entitled to recover their reasonable costs in this action upon a proper application to the Court, once judgment has been entered in their favor. *See* L.R. 54.1. Plaintiffs'"Application for Attorneys' Fees and Expenses" (Doc. 53) is denied as premature

Plaintiffs may file a properly supported motion for attorney's fees and related nontaxable expenses "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Defendant shall file its response to Plaintiffs' motion on or before January 17, 2020. Any reply brief shall be filed on or before January 31, 2020.

Dated this 8th day of November, 2019.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE